# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WHITETAIL WOODS, LLC,**
        Appellant,

    v.                                  Case No. 12-CV-00654

**CIBM f/k/a MARINE BANK,**
        Appellee.

## DECISION AND ORDER

      Appellant Whitetail Woods, LLC appeals from a bankruptcy court order dismissing a petition under Chapter 11 of the Bankruptcy Code, and appellee CIBM (formerly known as "Marine Bank") moves to dismiss the appeal. Appellee seeks dismissal on the ground that appellant has failed to comply with the briefing requirements set out in the Federal Rules of Bankruptcy Procedure.

      Appellant violated Rule 8006 by failing to file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" 14 days after filing its notice of appeal. Fed. R. Bankr. P. 8006. Appellant filed the notice of appeal on May 24, 2012, but has yet to file either a designation of items to be included in the record on appeal or a statement of the issues to be presented. Consequently, the record on appeal includes only the docket from the bankruptcy court and a copy of the bankruptcy judge's final order dismissing the case.

      Appellant also violated Rule 8009 by failing to file a brief in support of the appeal "within 14 days after entry of the appeal on the docket [in the district court] pursuant to Rule 8007." Fed. R. Bankr. P. 8009(a)(1). The appeal was entered on the docket in this

court on June 25, 2012. The following day the clerk of this court sent a briefing letter to the parties notifying them that, "The time limits set forth in Bankruptcy Rule 8009 will apply beginning with the date of this letter." (Briefing Letter, ECF No. 2.) Despite receiving this letter, appellant failed to file a brief in support of the appeal. Instead, on July 16, 2012, appellant filed a motion for a preliminary injunction prohibiting appellee from selling certain real property related to this case. The brief in support of this motion was not an adequate substitute for the brief required by Rule 8009.

In response to appellee's motion to dismiss the appeal, appellant now moves to enlarge the time to file the brief required by Rule 8009. Appellant does not mention its failure to comply with Rule 8006. I may enlarge the time limits stated in Rules 8006 and 8009 only if I find that "appellant's failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). The determination of "excusable neglect" is "an equitable one, taking account all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In evaluating whether excusable neglect exists, I hold a party responsible for the acts or omissions of its attorneys, and consider "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395–97.

The only explanation appellant has offered for its failure to comply with the bankruptcy rules is that its attorney was overworked and ill. In support of this claim, appellant submits an affidavit from the attorney's legal assistant stating that he only

2

Case 2:12-cv-00654-LA   Filed 10/09/12   Page 2 of 3   Document 9

recently hired a legal assistant and that previously he had managed a "large caseload" with no support staff. (Aff. in Supp. of Mot., ECF No. 8-1.) The affidavit also states that on July 22, 2012 he experienced a "cardiac emergency" and had to be hospitalized. (*Id.*)

The fact that the attorney chose to take on a large caseload without assistance is not sufficient to establish excusable neglect, and his medical emergency at the end of July does not explain his failure to act in June or early July. Moreover, appellant did not move for an extension of time until after it received appellee's motion to dismiss, and appellant has yet to make any real effort to rectify its errors. It has not attempted to amend or correct the record on appeal under Rule 8006, and it has not filed a proposed brief under Rule 8009. While this may not be evidence of bad faith, it fails to establish good faith. Ultimately, the record before me does not establish excusable neglect as required by Rule 9006(b)(1). Therefore, I will grant appellee's motion to dismiss appellant's appeal. Alternatively, I will dismiss the appeal under Fed. R. Bankr. P. 8001(a), which authorizes a district court to dismiss an appeal from a bankruptcy court decision based on a non-jurisdictional lapse on the part of the appellant.

**THEREFORE, IT IS ORDERED** that appellant's motion for leave to file an untimely brief [DOCKET #6] is **DENIED**.

**IT IS FURTHER ORDERED** that appellee's motion to dismiss for failure to comply with the Federal Rules of Bankruptcy Procedure [DOCKET #7] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 9th day of October 2012.

                                                   s/ Lynn Adelman
                                                   _____
                                                   LYNN ADELMAN
                                                   District Judge